Roger S. Parker v. Commissioner.
Parker v. Commissioner
Docket No. 3998-67.
United States Tax Court
T.C. Memo 1969-85; 1969 Tax Ct. Memo LEXIS 212; 28 T.C.M. (CCH) 479; T.C.M. (RIA) 69085; April 30, 1969, Filed *212 Roger S. Parker, pro se, 2021 SE 114th Pl., Portland, Ore. Gary R. DeFrang, for the respondent. SCOTT
Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1965 in the amount of $182.85. The issues for decision are the proper amount of petitioner's income from a sole proprietorship upholstery business and the proper amount of petitioner's deduction for medical expense. Respondent's notice of deficiency had attached to it a so-called "Short-Form Statement." The report of respondent's office auditor who audited petitioner's income tax return for the calendar year 1965 showed that adjustments were made to petitioner's income from his upholstery business by increasing gross receipts by $694, decreasing deductions for utility expense, advertising expense, and small tool supply expense by $171, $174, and $815.80, respectively, and increasing deductions for merchandise purchased and depreciation by $173.34 and $35.83, respectively. The increase in the deduction for cost of 480 merchandise purchased is not in issue, both parties agreeing that this adjustment is correct, but the increase *213 in depreciation is in issue in that it is related to the decrease in small tool supply expense. Respondent's auditor disallowed $359.80 of the deduction claimed by petitioner for small tool supply expense because of the failure of substantiation and disallowed $456 of the amount of such claimed deduction because of considering this amount to be a capital expenditure for purchase of items with a useful life of more than 1 year. The increase in the depreciation deduction resulted from allowance of depreciation on the costs of items respondent's auditor considered to be capital expenditures. Petitioner claimed a medical expense deduction of $189 based on total claimed medical expenditures of $253. The claimed medical expense deduction was recomputed by respondent's auditor to be $125 based on total medical expenses of $208. A portion of petitioner's claimed deduction for state income tax was disallowed and petitioner agrees that this adjustment is proper. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner, an individual whose legal residence was in Portland, Oregon at the date of the filing of the petition in this case, filed a joint *214 Federal income tax return for the calendar year 1965 with his wife, Linda J. Parker, with the district director of internal revenue for the district of Oregon. During the year 1965 petitioner formed and operated as a sole proprietorship a furniture repair and upholstery business known as "Parker Upholstering and Manufacturing." The records of this business were kept on a cash receipts and disbursements basis and petitioner reported his income on his Federal income tax return on a cash receipts and disbursements basis. The only income reported by petitioner on his return was from his upholstery business. The income and expenses of petitioner's business were reported on schedule C of his return. Petitioner reported gross receipts of $14,588, which is the total amount which petitioner collected for goods sold and services rendered by his business for the year 1965. Petitioner billed customers an additional $694 which he was unable to and did not collect in 1965. Receipts of $14,588 as reported on petitioner's tax return are proper. Petitioner claimed as a deduction, expenses for utilities of $1,195. Petitioner expended during 1965 the amount of $1,195 for utilities including the amount *215 he spent for Presto logs which he used to heat his business establishment and the cost of which was properly deductible by petitioner. Petitioner claimed advertising expenses of $745. He paid advertising expenses of $477.16 by checks and made some additional payments for advertising by cash. Petitioner has failed to show that he paid advertising expenses in 1965 in excess of the amount of $571 as allowed by respondent. Petitioner on schedule C of his income tax return claimed a deduction for "Material and supplies - Small tools" in the amount of $1,540. Petitioner during the year 1965 spent $1,540 for tools other than those he listed on his return as property subject to depreciation. Included in the amount of $1,540 deducted by petitioner for expenditures for tools were the amounts of $62 paid for a Chown sander which had a useful life of 2 years and the amount of $23 paid for a hand truck which had a useful life of 5 years. Petitioner is entitled to deduct $1,455 for the cost of small tools and to deduct depreciation on the Chown sander on the basis of a useful life of 2 years and on the hand truck on the basis of a useful life of 5 years. Petitioner is not entitled to a depreciation *216 deduction with respect to the $371 worth of tools which respondent improperly determined to have a useful life of more than 1 year but we find to have a useful life of less than 1 year. The total amount of depreciation properly deductible by petitioner for the year 1965 is $177.72 instead of the $268.83 determined by respondent. During 1965 petitioner paid medical expenses in a total amount of $238.75 and in addition paid $30 for accident insurance to cover himself and his employees in the operation of his business. The gross amount of petitioner's medical expenses is $238.75 and his medical expense deduction is properly computable based on such gross amount of expenditures. The $30 spent by petitioner for accident insurance for his business was not deducted on his return as a business expense. At the trial petitioner orally moved to amend his petition to claim the $30 paid for accident insurance as a business expense deduction. No objection to such amendment being made by respondent, petitioner's motion was granted and he was permitted to orally 481 amend his petition. Petitioner is entitled to deduct the $30 paid for accident insurance as a business expense. Opinion *217 This case is purely factual and our findings of fact have disposed of all the issues. Petitioner brought into Court numerous invoices, checks, receipts, and similar original records. After petitioner and representatives of respondent reviewed these documents together, the only disagreement remaining as to the proper computation of petitioner's income for the year 1965 was the amount of advertising expense paid by petitioner in cash, whether $30.75 for medical expenses which petitioner paid in cash was paid in 1965, and which tools purchased by petitioner in 1965 had a useful life of more than 1 year. We have disposed of these issues in our findings, as well as the issues respecting items as to which the parties actually agreed but entered into no agreement of record disposing of the issue. Decision will be entered under Rule 50.